Chief Justice Robertson
delivered the Opinion of the Court— in which Judge Underwood did not concur.
The plaintiffs in error, claiming the superior eauity, ... , under a junior grant, sued the delendant tor a retín-quishment of his legal title, derived from the elder pa-u o’ I tent.
The defendant has not established his entry. That on which the plaintiffs rely is in itself sufficiently special, and depends for its validity on a previous entry, for forty thousand acres, in the names of Fishback and Morgan, in the following words :—
“ November 25th, 1783.
Jacob Fishback and Charles Morgan, as tenants in common, enter 40,000 acres of land on a treasury warrant &c beginning at the head of the main branch of the north fork of the big-bone-lick creek, and running north and south an equal distance — thence from each end of said line for quantity.”
The identity and notoriety of the main branch of the north fork of the big-bone-creek are the principal questions of controversy. The main branch of the north fork once established, there could have been no difficulty in finding the “ head” of it.
The big-bone-lick creek derived its name from “ big-bone-lick;” through which one of its branches runs ; and the notoriety of both the lick and the creek, as thus denominated, at the date of the entry, is indisputably established. But the plaintiffs contend, that the branch running through the lick was known as the main branch of the north fork of the creek ; and the denfendant insists, that that branch was not called or deemed the north *445 fork, or the main branch of that fork; but that the branch designated orí the plat, by the name of the "-mud-lick fork" was the maain branch of north fork of u big-bone-lick creek."
This court having, by two decisions, settled the identity of an object called for in an entry,. will, in subsequent cases, upon the same ev-dence, adhere to the 1 former decisions — tho’ the opposing evidence may seem to the present judges to preponderate.
The facts which conduce to proye, that the Mud-lick fork was known as the main branch of the north fork, may preponderate over those which tend to identify the other as the main branch. But this court having decided in Buford vs. Marshall, [in 1807 — case not reported,] and in Hawkins' heirs vs. Marshall, 4 Mon. 285, that the branch now claimed by the plaintiffs to have been the main branch of the north fork, was, at the date of the entry, the true main branch of that fork, we are unwilling (Judge Underwood dissenting) to unsettle what has been so long settled, and by two opinions of this court rendered on the same proof as that exhibited in this case.
Wherefore, it is the "opinion of á majority of the court, that the plaintiffs are entitled to relief; and consequently, the decree of the circuit court, dismissing their bill, must be reversed, and the cause remanded, with instructions to render a decree for the appellants,' for a relinquishment of the appellee’s elder legal title to the land in controversy, or so much thereof as the entry of the plaintiffs, when properly, surveyed, includes.